UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CRAIG A DANIELS | CIVIL ACTION NO. 6:17-CV-00615 |
| VERSUS | JUDGE JUNEAU |
| JAMES M HASH ET AL | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING AND ORDER**

Before the Court is a Motion for Summary Judgment on Liability filed by Plaintiff, Craig A. Daniels, ("Plaintiff"), *Rec. Doc. [23]*, and a Memorandum in Opposition filed by Defendants, James M. Hash ("Hash") and Schlumberger Technology Corp. (collectively referred to as "Defendants"), *Rec. Doc. [27]*. For the following reasons, the Court denies Plaintiff's Motion for Summary Judgment on Liability, *Rec. Doc. [23]*.

**Background**

The parties do not dispute that on June 28, 2016, Plaintiff was working as a contract welder for Oil Consultants and that Hash was a supervisor employed by a Schlumberger entity aboard the Ensco DS-6 drillship ("the DS-6"). Plaintiff was installing an "air line for a cement unit on the DS-6," and Hash was supervising the installation. It is also undisputed that Plaintiff and Hash disagreed on where the air

line should be installed. However, at this point, the respective versions of the facts differ greatly.

**Plaintiff's Claims**

In support of his Motion for Summary Judgment, Plaintiff submits his affidavit attesting that there was a physical altercation between him and Hash resulting in injury to his left eye. Plaintiff specifically avers: (1) Hash wanted Plaintiff to install the air line behind the cable tray containing electrical wires; (2) Plaintiff tried to explain that installing the air line behind the cable tray containing electrical wires would be a fire hazard, but Hash insisted that it be done his way; (3) Plaintiff turned to walk away, and Hash threw a hammer in his direction; (4) the hammer hit the wall beside him and Plaintiff bent down to pick up the hammer; (5) Hash followed Plaintiff and struck him on the left side of the head near the temple area; and (6) Hash then grabbed Plaintiff by the shirt and said that he would "tell the Koreans [Plaintiff] hit him and that he would make sure [Plaintiff] never worked for Schlumberger again." *Rec. Doc. 27-2, p 2.*

**Defendants' Response**

Defendants claim that "no accident ever occurred, and that Plaintiff's claims are false." *Rec. Doc. 27, p 2.* In support of this assertion, Defendants submit Answers to Interrogatories and Requests for Production, *Rec. Doc. 27-1*; an

Affidavit of Hash, *Rec. Doc. 27-2*; and a Notarial Certificate containing statements of a Korean welder aboard the DS-6. Hash's Affidavit, in pertinent part, attests:

> 1. During the installation procedures, [Hash] did not like the way [Plaintiff] was installing the line and instructed him to remove what he had done and reinstall the line the way [Hash] had initially instructed.
> 2. [Plaintiff] responded to [Hash's] instructions with expletives and advised [Hash] that [Plaintiff] was the "Fabrication expert" and would do it the way he wanted to.
> 3. At that point [Hash] told [Plaintiff] again where to run the one-inch line and reminded him that he was a contractor and needed to follow instructions.
> 4. [Plaintiff] responded that he did not work for [Hash] and "never would."
> 5. At that point [Hash] agreed with [Plaintiff] that he would never work for Dowell Schlumberger International again.
> 6. [Plaintiff] then dropped a piece of pipe that he was holding onto and walked from the cement room into the adjoining sack room.
> 7. As [Plaintiff] walked away [Hash] saw that he had left a hammer on a stepladder. [Hash] knocked the hammer off the stepladder and it fell to the floor. [Hash] told [Plaintiff] to "take his tools with him." [Hash] did not throw the hammer in [Plaintiff's] direction.
> 8. [Plaintiff] continued to argue and use profanity. [Hash] told [Plaintiff] to leave the area and that arrangements would be made for him to return to the United States the next day. [Plaintiff] then departed the area.
> 9. The one-inch line was installed within one hour's time following the verbal altercation. There was no physical altercation between [Plaintiff] and [Hash], only argument.

> 10. [Hash has] never struck or slapped [Plaintiff] at any time and specifically not on June 28, 2016., *Rec. Doc. 27-2, p 3.*

## Law and Analysis

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). A dispute of material fact is ''genuine'' if the evidence would allow a reasonable jury to find in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991).

The Court finds that the parties have each submitted different versions of material facts as to whether there was a physical altercation resulting in injury between Daniels and Hash. Specifically, the Court finds that the Affidavit of Hash submitted by Defendants creates a genuine issue of material fact for trial. Based on the summary judgment evidence submitted, a fact finder could reasonably

conclude that there was no physical altercation between Daniels and Hash. A case in such a posture is not properly disposed of by summary judgment.

## Conclusion

For the foregoing reasons, IT IS ORDERED that the Motion for Summary Judgment filed by Plaintiff, *Rec. Doc. [23]* is DENIED.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 21st day of March, 2019.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE